NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0190n.06

Case No. 21-2996

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 09, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LAWRENCE OZEL LITTLE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; KETHLEDGE and MURPHY, Circuit Judges.

SUTTON, Chief Judge. One night in January 1990, Lawrence Little broke into a government witness's house and killed the man in front of his two young children. A jury convicted Little of murder. The district court sentenced him to life imprisonment. Three decades later, Little sought compassionate release. The district court denied his motion. We affirm.

Lawrence Little had six criminal convictions under his belt by the age of 23. While on parole after the last of these offenses, Little agreed to carry out a "hit" in return for $500. *United States v. Little*, 9 F.3d 110, 1993 WL 453396, at \*2 (6th Cir. 1993) (per curiam) (unpublished table opinion). The target was a suspected heroin trafficker who had agreed to cooperate with the government and who was prepared to testify at a trial against three men indicted for drug crimes. *Id.* at \*1–2. On January 8, 1990, Little and two associates broke into the witness's house in Inkster,

Michigan, and killed him. *Id.* The man suffered 35 stab wounds. The attack occurred in front of the victim's five-year-old son and 15-month-old daughter, leaving them covered in blood.

An investigation pointed in Little's direction. A grand jury indicted him for murdering a government witness to prevent testimony in an official proceeding. *See* 18 U.S.C. § 1512. Little opted for trial, and the jury convicted him of first-degree murder. The district court imposed a life sentence, as required by statute. 18 U.S.C. §§ 1512, 1111.

In 2021, Little moved for compassionate release, citing his extensive rehabilitation, his youth at the time of the murder, sentencing disparities, and his age and deteriorating health. The district court denied relief. It reasoned that Little had not proffered "extraordinary and compelling reasons" warranting release. 18 U.S.C. § 3582(c)(1)(A)(i). And it determined in the alternative that the § 3553(a) sentencing factors did not support the reduction, focusing on the serious nature of Little's offense and Congress's decision that those guilty of it should receive a life sentence. Little appealed.

District courts generally may not modify "a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But one exception allows courts to reduce a sentence under "extraordinary" circumstances, after ruling on what has come to be called a "compassionate release" motion. Under this authority, district courts may modify a sentence if (1) extraordinary and compelling reasons warrant a reduction; (2) a reduction is consistent with any applicable Sentencing Commission policy statements; and (3) the applicable § 3553(a) sentencing factors support relief. *Id.* § 3582(c)(1)(A); *United States v. Wright*, 991 F.3d 717, 718 (6th Cir. 2021). The flipside is that district courts must deny such motions when any of those three prerequisites is lacking. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). When one of the district court's reasons for denying relief turns on balancing the § 3553(a) factors, that assessment alone

may justify the decision. *United States v. Ruffin*, 978 F.3d 1000, 1006, 1008 (6th Cir. 2020). We review a denial for abuse of discretion. *Id.* at 1005.

We begin and end with the district court's § 3553(a) analysis. The court emphasized the "nature and circumstances" of Little's offense, which involved "the brutal beating and stabbing of a father in front of his children." R.152 at 10; *see* 18 U.S.C. § 3553(a)(1). It added that "Congress saw fit to mandate that those who commit" premeditated murder "serve the rest of their days in prison." R.152 at 10. And it reasoned that reducing Little's sentence would not "promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public." *Id.* at 10–11; *see* 18 U.S.C. § 3553(a)(2)(A)–(C). That Little targeted a government witness carried "added significance," the court noted, because such a significant reduction in his sentence would "dissuade cooperators" and diminish the deterrent effect of his sentence on "conspiracies to kill government witnesses." R.152 at 11. All told, the court concluded that "consideration of the section 3553(a) factors" did not support a reduction. *Id.*

None of this reasoning broke the mold. We have held that, "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority," it acts within its discretion when it denies "compassionate release based on the seriousness of the offense." *Wright*, 991 F.3d at 719 (quotation omitted). Little brutally murdered a government witness and received a statutorily mandated life sentence in return. By requiring Little to serve that sentence, the court did not abuse its substantial discretion. *See id.*; *cf. United States v. Bass*, 17 F.4th 629, 638–39 (6th Cir. 2021).

Little maintains that we must remand the case to the district court for a more complete explanation because the court ignored his "history and characteristics" when weighing the § 3553(a) factors. True, Little argued that his rehabilitation, disciplinary history, and low risk of

recidivism warranted a reduced sentence. And the district court's § 3553(a) analysis did not expressly mention every factor or explicitly respond to these arguments. But the district court had no obligation to flesh out its reasoning further.

"A district court does not abuse its discretion simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction." *United States v. Taylor*, 858 F. App'x 810, 813 (6th Cir. 2021) (quotation omitted). Plus, it does not appear that the court ignored Little's history and characteristics anyway. It summed up its analysis by stating that it had considered the § 3553(a) factors. And it discussed some of Little's history and characteristics—the good and the bad—elsewhere in its order. It noted Little's criminal history and parolee status at the time of the murder. And it acknowledged Little's self-improvement since then, observing that his rehabilitation "by all accounts is to be commended." R.152 at 9–10.

All perspectives considered, the court accounted for Little's arguments and determined that his rehabilitation did not justify relief when balanced against the serious nature of his crime. The court did not need to set out each step of its reasoning in express detail. Because we can discern a reasoned basis for the court's decision, we see no good explanation for remanding the case for still further elaboration.

We affirm.